Roger Hulsebus, a Minor, by His Father and Next Friend, Robert Hulsebus, Plaintiff-Appellant, v. Joseph B. Russian and Arnold Thompson, Defendants-Appellees.

**Gen. No. 69–48.**

Second District.

December 19, 1969.

Reese, Schlueter & Ecklund, of Rockford, for appellant.

Fearer & Nye, of Oregon, for appellees.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

The plaintiff, a minor, brought suit against both defendants as a result of an automobile accident wherein he was injured while riding as a passenger in one of the three vehicles involved. The jury returned a verdict finding the defendant Thompson guilty and assessed damages in the sum of $25,000 but found the defendant Russian, not guilty. The trial court denied the plaintiff's motion against the defendant Russian for a judgment n. o. v. or, in the alternative, a new trial. The plaintiff appeals from the order of denial only as it pertains to the defendant Russian. For the purpose of this appeal, defendant, as used herein, will refer to Joseph B. Russian.

The plaintiff requests this Court to reverse and remand this case for trial on damages only or, in the alter-

native, a new trial. To support his request, the plaintiff claims that (1) the defendant was guilty of negligence as a matter of law, and (2) the trial court committed error by a) refusing certain instructions, b) allowing improper instructions, c) improperly excluding certain photographs from introduction into evidence, d) sustaining certain objections to plaintiff's closing argument, and e) miscellaneous errors.

The defendant testified that he and his wife were driving southbound on Main Street just outside of Rockford, Illinois, looking for a dog kennel; that he had never been inside the kennel before but had passed it on prior occasions and was looking for the gravel driveway entrance; that the pavement was wet; that about two miles from the scene of the accident, he noticed the Thompson vehicle behind him, also traveling southbound on the two-lane highway and that the Thompson vehicle was closing the distance between their two vehicles. Defendant stated that, as he rounded a curve before the accident scene, he let up on the gas and started to slow down; that he put his right turn signal on and applied his brakes hard, at which time the back of his vehicle began to "fishtail"; that he released the brakes and steered to the right-hand side of the road in an attempt to get out of the way of the Thompson vehicle; that he was struck in the rear and pushed off the road into a ditch; that, prior to the impact, he had let up on the brakes and straightened his wheels; and that his wife warned him that an impact was imminent.

Thompson testified that he was traveling about 40 to 45 miles per hour and was five- to seven-car lengths behind the defendant's vehicle; that as he rounded the curve, he noticed the defendant's car fishtailing and its brake lights going on and then off, but that he saw no turn signal; that he immediately applied his power brakes hard, his wheels locked and he then started pumping his brakes; that his car started to swerve towards the

176

northbound lane so he let up on his brakes and turned his wheel; that he knew an impact with the defendant's vehicle was imminent so he sought to hit bumpers with it; that as he approached the rear of the defendant's vehicle, it fishtailed to the right; that he overtook it along the side; that when the rear end of defendant's vehicle came back, its left rear fender hit plaintiff's right fender and that his vehicle traveled into the opposite lane and struck the Jarrett vehicle which was traveling northbound. Roger Hulsebus was a passenger in the right front seat of the Jarrett vehicle.

The jury received testimony from four doctors, a deputy sheriff, a state trooper who came to the scene of the accident, a resident of the neighborhood who went to the scene after the accident, another person who came upon the scene, the wives of both of the defendants, driver Jarrett, two passengers of the Jarrett vehicle, the plaintiff, his mother and both defendants. Photographs of the scene, the vehicles and of the plaintiff's injuries were also introduced. No purpose will be served by repeating the testimony of each witness. Contrary to plaintiff's position, however, there is conflict among the witnesses about the details of the occurrence.

■■■■ The plaintiff argues that the trial court, as a matter of law, should have ruled that the defendant was guilty of negligence based upon the evidence in the case. To do so the court would have had to invoke the Pedrick rule (Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967)) which is:

"... In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

From our review of the record, we are unable to find that the trial court erred in its decision on this point.

Plaintiff contends that the trial court erred by refusing to give the following instruction:

"The defendant, Russian, admits that he endeavored to slow his car down on Route Two in the southbound lane, immediately prior to the collision between his car and the Thompson vehicle, and he further admits that the Thompson vehicle and the Jarrett vehicle, in which the plaintiff was riding, were in the northbound lane of traffic; but the defendant, Russian, denies that his acts or omissions to act constitute negligence."

A similar instruction as it applied to the defendant Thompson was also refused. We fail to see the significance of the plaintiff's position relative to the refusal of such an instruction, which applied only to Thompson, since the jury found against Thompson and, further, no appeal was taken from that portion of the case.

■ As the instruction applied to the defendant herein, the record discloses that the location of the accident and the deceleration of the defendant's vehicle immediately prior to the collision did not become an issue in the case. First, the defendant's answer admitted these facts and, second, the testimony of the defendant established these same factors. In addition, while Thompson was being examined under section 60 relative to the location of the accident, plaintiff's counsel volunteered that "it is admitted in the pleadings" to which Thompson's attorney replied, "Well, that's all that's necessary." With this background, we are of the opinion that the trial court's refusal of these instructions did not create prejudicial error.

■■ Both the defendant and Thompson offered instructions to the effect that if the jury decided in their favor on the question of liability, it would have no occa-

sion to consider the question of damages. Such instructions were given and the plaintiff argues, "that a duplication on this issue served to affect the jury in terms of their proper assessment of damages." No citation of authority has been supplied and we find no basis for such conclusion. In addition, no objections were raised during the conference on instructions and such are, therefore, not well taken when interposed for the first time on review. Saunders v. Schultz, 20 Ill2d 301, 314, 170 NE2d 163 (1960); Hitt v. Langel, 93 Ill App2d 386, 394–395, 236 NE2d 118 (1968).

At the conference on jury instructions the defendant tendered Instruction Number 12 (not found in IPI) which read:

"The Court instructs the jury that you may, in considering the nature and extent of the plaintiff's injury or damages, consider together with all the other facts and evidence whether or not the plaintiff did or did not avail himself of the use of seat belts and if he did not avail himself of the use of seat belts in the automobile in which he was riding what effect this had or might have had on the nature and extent of his injuries or damages."

No objection was made at the time. However, the following morning before the jury was charged, plaintiff's attorney objected to the giving of this instruction. The basis for the objection was that it singled out conduct on the part of the plaintiff for consideration by the jury and it inferred to the jury that the plaintiff was guilty of some degree of carelessness as a matter of law.

The trial court overruled the objection and gave the instruction as set out above.

This Court previously considered a similar issue raised in a trial regarding the use or nonuse of a seat belt. Mount v. McClellan, 91 Ill App2d 1, 5, 234 NE2d 329 (1968). In the opinion, this Court stated that whether

a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of an accident but:

> "The use, or nonuse of seat belts, and expert testimony, if any, in relation thereto, is a circumstance which the trier of facts may consider, together with all other facts in evidence, in arriving at its conclusion as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain."

It is argued that the instruction is calculated to infer some degree of carelessness on the part of the plaintiff. The instruction specifically relates to the effect that the use or nonuse of the seatbelt might have had "on the nature and extent of his injuries or damages." Since the defendant was found not guilty on the question of liability, there would be no occasion for the jury to even consider this instruction.

■ Before commencing trial, color photographs, marked exhibits 1 through 4, were offered into evidence and, after objection by defendant as to exhibit 1, the trial court refused its admission. Exhibit 1 is a photograph, taken in the operating room, showing plaintiff's head with a rubber and metal pipelike device inserted between his lips, his eyes closed and his face covered with what appears to be blood and dark mucus-type substance. By anyone's description, the photograph discloses a gory and hideous sight.

The plaintiff maintains that the exhibit was necessary in order for the treating physician to testify as to his treatment. The record discloses that the doctor testified from his operating report, dictated by him, in great detail concerning the torn condition of the nose, the surrounding tissue and his efforts at reconstructing the nose. The balance of the photographs, showing the face with scars after healing, were admitted. We are of the opinion

180

that the trial court properly exercised its discretion by excluding this exhibit from the evidence as being likely to enflame and prejudice the jury. This is especially so considering the detailed medical testimony describing the injury received. In any event, we fail to see what bearing the exhibit would have on the question of the defendant's liability since he was found not guilty by the jury.

During closing argument by plaintiff's counsel the following transpired:

". . . remember this that when you get the instructions of the Court you are not entitled to allocate blame. It doesn't make any difference if someone was five percent negligent and say Russian was ninety-five or that Thompson was ninety-five and Russian was five percent. They are both guilty."

MR. MAYNARD: "If the Court please, I think that statement of counsel is misleading. I object to it."

THE COURT: "I would sustain the objection."

MR. MAYNARD: "The jury has the right to pick and choose between these defendants."

THE COURT: "I think your argument is comparative negligence."

MR. REESE: "That's what I'm saying, that is not the law. They cannot compare the negligence, your Honor.

"You are not entitled to compare negligence of these two people, of these two defendants. You cannot compare the negligence.

"The verdict if you find that either one of them were negligent you are entitled to return a verdict against both of them."

MR. MAYNARD: "Now wait a minute, that isn't correct. I object to that.

181

MR. REESE: "If you find that both of them were negligent you are entitled to recover and return a verdict against both of them. You cannot take the negligence of one and compare as to the negligence of the other. . . ."

It is contended here that the statement by Thompson's counsel, ". . . the jury has the right to pick and choose between these defendants," along with the court's comment, ". . . I think your argument is comparative negligence," confused the jury on the point of whether it could hold one or both of the defendants liable regardless of the degree of negligence (if any) of each.

We cannot adhere to the plaintiff's reasoning on this point. Confusion, if it in fact existed, was caused by the plaintiff himself. More important, the record discloses that the trial court, by its instructions properly informed the jury on the law where there is more than one defendant involved.

The plaintiff has categorized its final point as "miscellaneous" errors committed by the trial court. We find no substance in such alleged errors as they apply to the defendant herein.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.