WALTER WONG, Plaintiff-Appellant, *v.* GARY W. RICHARDS *et al.,* Defendants-Appellees.

(No. 11791;

Fourth District—March 27, 1973.

Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

Griffin, Winning, Lindner, Newkirk & Cohen, and Gillespie, Burke and Gillespie, both of Springfield, (Alfred F. Newkirk, of counsel,) for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The circuit court of Sangamon County entered judgments on jury verdicts finding the defendant Richards not guilty of negligence and the defendant Reynolds guilty of negligence and assessing plaintiff's damages for personal injuries in the sum of $5,000. There is clearly no issue of contributory negligence in this case and as to Richards the only issue on plaintiff's appeal is that the trial court erred in refusing to direct a verdict in favor of plaintiff and against Richards.

As to Reynolds, the issues are that (1) the damages awarded are grossly inadequate, (2) that an instruction given to the jury stating that failure to exercise ordinary care to obtain proper medical treatment could be considered by the jury, and that any damages resulting from a failure to exercise such care could not be recovered, and (3) that the court erred in refusing plaintiff the right to examine an impartial medical witness as to the circumstances under which he examined the plaintiff and in refusing to call said witness as a court's witness. Plaintiff requests that the case be reversed and remanded on the issue of damages only.

The plaintiff was driving south on U.S. Route 66, a four-lane highway with a painted median line, in the west southbound lane crossing the Lake Springfield bridge and approaching a curve south of the south end of the bridge. At that point there were two southbound lanes and two northbound lanes. The defendants Reynolds and Richards were driving north and coming around the curve. Richards was in the west northbound lane, Reynolds was either attempting to pass Richards on the right by cutting into the east northbound lane or as Reynolds testified, he was

merely attempting to return to the right northbound lane from the left one. In the process of changing lanes, his car skidded so that his left front hit Richards' right front door. Reynolds did not recall this. At about that point they were apparently driving between 40 to 45 mph and it is evident that Reynolds must have been driving slightly faster than Richards. On the day after the accident, Reynolds gave a statement that he was in a 45 mph zone and going 65 mph. Richards testified that the impact required him to swerve and that he had to turn to the left in order to avoid a head-on collision with the car in the southbound lane. He likewise testified that when he was struck by Reynolds "I lost my car—lost control of it and it swerved to the west and into the southbound lanes". He testified also that he elected to turn into the southbound lanes rather than to go into Reynolds and that had he headed straight into the southbound lanes he would have had a head-on collision instead of getting hit in the rear end.

■■ In this state of the record, it seems to be reasonably self-evident that the trial court did not err in denying the plaintiff's motion to direct a verdict for the plaintiff as to defendant Richards on the question of liability. In *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, the Supreme Court stated at p. 510 that "* * * [V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." Under the circumstances with which he was confronted, Richards' decision to make a sharp left turn into the southbound lane in order to avoid being hit in a head-on collision cannot be held to be negligence as a matter of law. Under the evidence it was the impact of Reynolds' car which forced him into the southbound lanes or an instinctive move to avoid Reynolds. The reasonableness of Richards' conduct after being confronted with the situation shown in this record is either not negligence as a matter of law or presents a jury question. As a jury question, the jury has made that determination and it is not against the manifest weight of the evidence. Richards' conduct must be judged not in the light of what later events revealed might or could have been a better or a safer course of conduct, but against the standard of how a reasonable person would have reacted under the circumstances of the same sudden alarm. In our judgment that principle applies here. (*Maddox v. Grisham*, 124 Ill.App.2d 421, 260 N.E.2d 336; *Hulsebus v. Russian*, 118 Ill.App.2d 174, 254 N.E.2d 184; *Wolfe v. Whipple*, 112 Ill.App.2d 255, 251 N.E.2d 77.) The trial court did not err in denying the motion for new trial as to Richards and in

entering a judgment against the plaintiff as to Richards upon the jury's verdict.

In his notice of appeal, the plaintiff requests that as to Reynolds the court affirm the judgment on the question of liability and remand to the circuit court for a new trial on the question of damages alone. Reynolds counters with the proposition that that request for relief is not before us because of the provision of Ill. Rev. Stat. 1969, ch. 110, par. 68.1(2). That statute states that the post-trial motion must contain the points relied upon  *  *  *  and must state the relief desired, as for example entry of a judgment, the granting of a new trial or other appropriate relief  *  *  *  a party may not urge as error on review of the ruling on his post-trial motion any points, grounds or relief not particularly specified in the motion. Reynolds' position is untenable. Before plaintiff's motion for new trial was passed upon, he moved to amend the motion for new trial to request a new trial on damages only. The defendant objected and the court denied the motion to amend on the grounds that it was filed too late. All parties moved for directed verdicts at the close of all of the evidence, and in that motion the plaintiff requested that a verdict be directed in favor of the plaintiff and the issue of damages only be submitted to the jury. All motions for directed verdicts were denied. In his motion for new trial the refusal of the trial court to direct a verdict and submit the issue to the jury on issue of damages is incorporated. In *Kelly v. Fletcher-Merna Co-op Grain Co.,* 29 Ill.App.2d 419, 173 N.E.2d 855, our predecessors discussed an analogous situation and stated at p. 428:

> "Plaintiff also contends that defendant waived its right to appeal by his failure to specifically raise the question of assumed risk in its post trial motion. We cannot agree. Defendant moved for a directed verdict at the close of plaintiff's evidence and the close of all evidence and tendered appropriate instructions; it subsequently incorporated each motion in its post trial motion. By so doing, defendant preserved this vital question for the court on appeal."

We are persuaded that this same view should and does apply here and that the issue of a remand for a trial on the question of damages alone is properly before us.

Plaintiff also complains of the giving of IPI Instruction No. 33.01, which states: "In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that an injured person must exercise ordinary care to obtain medical treatment, and that damages resulting from the failure to exercise such care cannot be recovered."

Objection to this instruction was predicated upon two propositions, that is, (1) that there is no evidence establishing the initial fact as to his negligence in securing medical attention and (2) that there is no evidence in the record separating damages resulting from any failure on his part to exercise due care in obtaining medical attention and the damages sustained from the particular injury. This court has had occasion to discuss this situation. In *Shore v. Turman*, 63 Ill.App.2d 315, 210 N.E.2d 232, we stated at p. 321: "* * * [T]he lifeblood of a legal theory is facts and if there are no facts supporting the theory, it is error to instruct on that theory". This view was followed in *Schomer v. Madigan*, 120 Ill.App.2d 107, 255 N.E.2d 620. In the latter case, we considered an instruction which permitted the jury to consider whether or not the plaintiff did or did not avail herself of the use of seatbelts and the extent if any such fact had on the extent of her injury or damages. We stated in that case that there was no basis upon which damages resulting from her injury could be distinguished from damages resulting from the failure to use seatbelts. Such being the case, there as here the instruction is completely defused and should not have been given. There, as here, we cannot say that the instruction here given did not affect the jury's verdict on the amount of damages. This is particularly true where the issue is the adequacy of the damage awarded by the jury, and the evidence is a complete vacuum as to the damages, if any, attributable to any failure to exercise due care in seeking medical aid.

The plaintiff submitted to an examination by an impartial medical expert pursuant to the provisions of Supreme Court Rule 215(d). (Ill. Rev. Stat. 1969, ch. 110A, par. 215.) The doctor filed his report as required by the rule and plaintiff called him as a witness. Plaintiff asked the court that he be allowed to show to the jury that the witness was testifying as an impartial medical expert and not as the plaintiff's treating physician. The court refused to allow the plaintiff to give this information to the jury and refused to call the impartial medical examiner as a court's witness. It is the plaintiff's contention here that since he could not show this underlying background and the interest or lack of interest on the part of the impartial medical examiner, it was prejudicial to his case and this prejudice is reflected in the award made by the jury. It would unduly extend this opinion to discuss the divergent views throughout the United States as to whether or not this background should or should not be shown. Adequate references are in the comments to the rule above cited. In the present case it should be noted that the testimony of the doctor so called was essentially and fundamentally identical to the testimony of plaintiff's own doctor. Just how this background information of the doctor would either add to or detract from his opinion or add to

or detract from the weight of his opinion is perhaps purely illusory. It is apparently the plaintiff's point of view that this information would in effect add much weight to the testimony of the doctor and thus be in effect a jury swaying finality on the weight of such testimony before that jury. This position is neither the theory nor the philosophy of the impartial medical examiner. The rule is primarily designed to aid in a pretrial settlement of the case and to provide as near as human agencies can an impartial diagnosis and prognosis of injuries. Medicine as well as law has its exponents as to cause and effect in given cases and experts can be honestly found on each side. In the case at bar, that examiner testified fundamentally and basically as did the plaintiff's treating physician. Under such circumstances, the trial court properly excluded the origin of the impartial medical examiner.

■■ Accordingly, the judgment of the trial court in favor of the defendant Richards and against the plaintiff is affirmed. The judgment of the trial court on the issue of liability in favor of the plaintiff and against the defendant Reynolds is affirmed and this cause is remanded to the trial court for a new trial on the issue of damages only. While we are reluctant to reverse a case on an instruction issue alone, we cannot say that the amount of the verdict was not affected by permitting the jury to consider elements on that question without any evidentiary support. Such an instruction should not be given and it is error to do so.

Judgments affirmed and the cause remanded to the Circuit Court for a new trial on the issue of damages only.

TRAPP and SIMKINS, JJ., concur.