GERALDINE MORRISON *et al.*, Plaintiffs-Appellants, *v.* EDWIN C. PICKETT, Defendant-Appellee.

First District (1st Division)    No. 80-3025

Opinion filed December 28, 1981.

Ronald J. Lucaccioni, of Chicago, for appellants.

Stanley J. Davidson and Charles H. Cole, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Geraldine and Eileen Morrison were injured when their automobile was rear-ended by an automobile being operated by Edwin Pickett (defendant). Defendant admitted liability for Eileen's injuries and admitted that Geraldine (plaintiff) was not contributorily negligent. Defendant denied, however, that plaintiff had sustained any injury as the result of the collision.

On February 20, 1980, the day the case was assigned to the trial judge's call, defendant's attorney presented a motion to compel plaintiff to submit to a physical examination pursuant to Supreme Court Rule 215(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 215(d).) Plaintiff objected. The trial court granted defendant's motion.

A jury trial was commenced on September 10, 1980. During trial, several references were made to the fact that the physician who examined plaintiff was "the court's witness" and that he was an "independent medical examiner." In his opening remarks to the jury, counsel for defendant referred to the physician as the "court-appointed, independent medical examiner." Before the physician was examined by defendant's attorney, the trial judge informed the jury that the physician "was not a witness for the defendant, but was appearing and testifying as the court's witness." While examining the doctor, the defense attorney referred to him several times as the "independent medical examiner." Again, during his closing argument, defense counsel pointed out that the physician was "not his witness, nor the plaintiff's, but the court's witness."

The issues on appeal are whether the trial court erred: (1) in ordering an independent medical examination of plaintiff, and (2) in referring to the physician called under Rule 215(d) as "the court's witness" and permitting defense counsel to refer to the physician as an "impartial medical examiner."

We affirm.

First, plaintiff argues that the trial court abused its discretion in granting plaintiff's Rule 215(d) motion to compel plaintiff to submit to a physical examination. Supreme Court Rule 215(d) explicitly provides that "[a] reasonable time in advance of trial, the court may on its own motion, or that of any party, order an impartial physical or mental examination of a party whose mental or physical condition is in issue, when in the court's discretion it appears that such an examination will materially aid in the just determination of the case." (Ill. Rev. Stat. 1979, ch. 110A, par. 215(d)(1).) Plaintiff contends that the motion, which was made on the day

the case was assigned to the trial judge, was untimely. In support of this contention, plaintiff cites *In re Estate of Ragen* (1979), 79 Ill. App. 3d 8, 398 N.E.2d 198.

In *Ragen*, the appellate court held that the trial court did not abuse its discretion in denying a Rule 215 motion on the eve of trial. (*In re Estate of Ragen* (1979), 79 Ill. App. 3d 8, 16, 398 N.E.2d 198.) The court did not hold however, that the granting of a Rule 215 motion on the eve of trial necessarily constitutes an abuse of discretion. The court recognized that the trial court has broad discretion in considering a motion under Rule 215. 79 Ill. App. 3d 8, 16; see *People ex rel. Yarn v. Yarn* (1979), 73 Ill. App. 3d 454, 392 N.E.2d 606; *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219, 391 N.E.2d 164.

■■ In the case at bar, plaintiff has failed to show how the trial court, by ordering the examination, abused the broad discretion vested in him.

■■ Second, we must consider whether the trial court erred in referring to the physician who examined plaintiff pursuant to Rule 215(d) as the "court's witness" and in allowing defense counsel to refer to the physician as an "impartial medical examiner." As a general rule, references to the fact that a physician examined a plaintiff pursuant to court order are highly inappropriate. (*Branch v. Seiler* (1977), 54 Ill. App. 3d 693, 697, 370 N.E.2d 873.) Although inappropriate, such references do not necessarily constitute reversible error. (54 Ill. App. 3d 693, 698; see *Hehir v. Bowers* (1980), 85 Ill. App. 3d 625, 407 N.E.2d 149.) We have found no cases in this jurisdiction which hold that the disclosure to the jury that a physician has testified pursuant to court order or that referring to him as an impartial medical examiner is reversible error. We find, therefore, that the disclosure of the physician's status to the jury in the case at bar was not reversible error.

An even more compelling reason for our finding is that plaintiff's counsel failed to object to the disclosure of the court-appointed physician's status to the jury. Although counsel on appeal strenuously claims that such objections were made, the record merely indicates that prior to trial, counsel made a general objection to the Rule 215(d) order. Apparently, counsel believed it was unnecessary to object specifically to the disclosure on the record during trial.

■■ Clearly, one of the essential purposes for making objections is to give the trial judge the opportunity to review the applicable law and make an informed ruling on the issue. The trial judge in this case was not called upon to make any such ruling. Because no objection was made to the alleged error during trial, the errors are waived for purposes of appeal. See *Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 294 N.E.2d 689; *Joynt v. Barnes* (1979), 71 Ill. App. 3d 187, 388 N.E.2d 1298;

*King v. Exchange National Bank* (1978), 64 Ill. App. 3d 335, 381 N.E.2d 356.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.